IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JEFFREY F. GEDDES,<br><br>        Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:06-CR-726-TC |

This matter comes before the court on Defendant Jeffrey F. Geddes' objection to the United States' proposed evidence of a previous conviction and a civil fraud case currently pending against Mr. Geddes. (See Defendant's Objection to 404(b) Evidence (Dkt # 99) (taken under advisement after October 10, 2008 hearing).)  Having reviewed the parties' supplemental briefs, as well as the relevant legal authority and the parties' earlier filings concerning the Rule 404(b) and Rule 609 evidentiary issues, the court now ORDERS as follows:

    1.    Mr. Geddes' felony conviction for theft by deception (State of Utah v. Jeffery Geddes, Case No. 931900079) is admissible under Federal Rule of Evidence 609 to impeach Mr. Geddes if he testifies at trial.  The court notes that more than ten years will have elapsed from Mr. Geddes' January 28, 1998 release from confinement to the November 10, 2008 trial date[1]

---

[1] The court does not determine whether the ten-year period is measured from the date of the indictment (the law is not clear that this is the measuring date), the date trial begins, or the date Mr. Geddes testifies (if he does).  Regardless, the court finds that even applying the balancing test required by Fed. R. Evid. 609(b) and relevant case law, the evidence still comes in.

(that is, approximately ten years and ten months).  But the court has weighed the relevant factors, including those set forth in <u>Government of Virgin Islands v. Bedford</u>, 671 F.2d 758 (1982), and <u>United States v. Gilbert</u>, 668 F.2d 94 (2d Cir. 1981), and concludes that the probative value of the conviction substantially outweighs its prejudicial effect.  Here, Mr. Geddes is charged with multiple counts of bank fraud and wire fraud.  Given the nature of the charges, his credibility will be a crucial issue in this case, particularly if he attacks the credibility of two of the government's chief witnesses, including an accountant on whom Mr. Geddes apparently lays the blame.  Moreover, the conviction is not so old that its probative value is depleted.  Ten months past the ten-year mark is not significant, particularly given the eight continuances that occurred in this case and the Government's allegations that Mr. Geddes initiated the fraudulent scheme in the Fall of 2001.

    2.    The United States' proposed evidence of allegedly fraudulent statements and actions by Mr. Geddes, as alleged in the June 18, 2007 civil action filed in <u>First Tech, LLC v. Video Compression Solutions, LLC et al.</u>, Civil Case No. 0700500323 (Third District Court for the State of Utah, Summit County) is not admissible under Rule 404(b).  The probative value of the proffered evidence is slight because it is at this point merely a charge in a civil court case.  Moreover, presenting the evidence would essentially require a mini-trial within the criminal trial.  The prejudice of such evidence outweighs any probative value it may have.

    3.    The court further ORDERS that the **United States shall respond to Mr. Geddes' Motion to Dismiss the Indictment or, In the Alternative, to Suppress Certain Evidence (Dkt**

**# 123) no later than ten days from the date of this Order.**

    DATED this 21st day of October, 2008.

                                           BY THE COURT:

                                           *Tena Campbell*

                                           TENA CAMPBELL
                                           Chief Judge