IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFREY F. GEDDES,<br><br>    Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br>Case No. 2:06-CR-726-TC |

  This case—which is scheduled to go to trial on October 26, 2009—comes before the court on the defense's Motion Regarding Defense Counsel (Docket No. 213). As requested by attorneys for Defendant Jeffrey F. Geddes, the court held a hearing on September 29, 2009, to address issues concerning their continued representation of Mr. Geddes. Although counsel were not requesting permission to withdraw, Mr. Geddes, at the hearing, expressly stated his desire to obtain new counsel and to continue the upcoming trial date.

  After questioning Mr. Geddes, Mr. Donaldson, Ms. Zenger, and counsel for the United States on the record, the court balanced Mr. Geddes' "constitutional right to retain counsel of choice against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice." United States v. Flanders, 491 F.3d 1197, 1216 (10th Cir. 2007) (internal citations and alteration omitted).

The court, in striking that balance, considered whether:

1) the continuance would inconvenience witnesses, the court, counsel, or the parties; 2) other continuances have been granted; 3) legitimate reasons warrant a delay; 4) the defendant's actions contributed to the delay; 5) other competent counsel is prepared to try the case; 6) rejecting the request would materially prejudice or substantially harm the defendant's case; 7) the case is complex; and 8) any other case-specific factors necessitate or weigh against further delay.

Id.  The court also considered whether Mr. Geddes presented the court with good cause for substitution of counsel, such as a conflict of interest (there is not), a complete breakdown in communications (there is not), or an irreconcilable conflict which would lead to an unjust verdict (there is not).  United States v. Hutchinson, 573 F.3d 1011, 1024 (10th Cir. 2009); United States v. Porter, 405 F.3d 1136, 1140 (2005) ("Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney . . . rather there must be a total breakdown in communications.") (internal quotation marks and citation omitted).

For the reasons set forth during the hearing, the court finds—based on the factors cited above, the history of this complex criminal fraud case, and information obtained by the court from the parties during the September 29, 2009 hearing—that allowing Mr. Geddes to obtain new counsel at this late stage in the case would not be in the best interest of anyone involved. There has not been a total breakdown in communications between Mr. Geddes and his current counsel.  As fully articulated during the hearing, the court is confident that current defense counsel will respect Mr. Geddes' wishes as much as possible but ultimately will, as they must, make strategic decisions on Mr. Geddes' behalf based on their own professional judgment and experience.

Accordingly, Mr. Geddes' request to substitute counsel and continue the October 26,

2009 trial date is DENIED.

SO ORDERED this 30th day of September, 2009.

                              BY THE COURT:

                              */s/ Tena Campbell*

                              TENA CAMPBELL
                              Chief Judge